## CARY v. COMMISSIONER OF INTERNAL REVENUE.*

No. 734. Argued May 1, 1941.—Decided May 26, 1941.

---

*Together with No. 735, *Flagler* v. *Commissioner of Internal Revenue;* No. 736, *Estate of Flagler* v. *Commissioner of Internal Revenue;* and No. 737, *Matthews* v. *Commissioner of Internal Revenue,* also on writs of certiorari, 312 U. S. 675, 676, to the Circuit Court of Appeals for the Second Circuit.

*Mr. Roswell L. Gilpatric,* with whom *Mr. Joseph C. White* was on the brief, for petitioners.

*Mr. Thomas I. Emerson,* with whom *Solicitor General Biddle, Assistant Attorney General Clark,* and *Messrs. Sewall Key* and *Newton K. Fox* were on the brief, for respondent.

MR. JUSTICE DOUGLAS delivered the opinion of the Court.

Henry M. Flagler died on May 20, 1913. Petitioners are legatees under a testamentary trust created under his will. The trust continued for a period of ten years from his death and terminated on May 20, 1923. As of that time, the trustees delivered to petitioners[1] certain securities which were sold by them in 1934 and 1936. The question presented is whether the basis for computing gain or loss on such sales under § 113 (a) (5) of the Revenue Acts of 1934 (48 Stat. 680) and 1936[2] (49 Stat. 1648) is the value of the securities when delivered to the legatees, or their value on the date of death of the decedent. Petitioners make substantially the same

---

[1] Some securities had previously been delivered to Harry Harkness Flagler, petitioner in No. 735, on April 26, 1921. Annie L. Flagler, whose estate is the petitioner in No. 736, received the securities here involved as a gift from her husband, Harry Harkness Flagler. The situation therefore is the same as to both these parties since it is stipulated that he had received the securities as indicated above.

[2] Sec. 113 (a) (5) of the 1936 Act is the same as § 113 (a) (5) of the 1934 Act. Art. 113 (a) (5)–1 of Treasury Regulations 94, promulgated under the 1936 Act, contains provisions identical with those of Art. 113 (a) (5)–1 of Regulations 86 under the 1934 Act. The relevant portions of that section and regulation under the 1934 Act are set forth in *Helvering* v. *Reynolds, ante,* p. 428.

argument for application of the former criterion as did respondent in *Helvering* v. *Reynolds, ante,* p. 428. And they contend that under Florida law they had at the date of death only contingent interests. But assuming they are correct in the latter contention, it is of no avail. For the reasons stated in *Helvering* v. *Reynolds, supra,* the proper basis was the value of the securities at the death of the decedent. Accordingly, the judgments of the court below (116 F. 2d 800) must be

*Affirmed.*

The CHIEF JUSTICE and MR. JUSTICE ROBERTS dissent for the reasons stated in their dissent in *Helvering* v. *Reynolds, ante,* p. 435.